RECEIVED
IN MONROE, LA
JUL 24 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. No. 00-30026-01 |
| VERSUS | JUDGE ROBERT G. JAMES |
| EDWARD MITCHELL | MAG. JUDGE KAREN L. HAYES |

## RULING

This matter is before the Court for consideration under 18 U.S.C. § 3582(c)(2).

On April 9, 2001, Defendant Edward Mitchell ("Mitchell") pled guilty to conspiracy to possess with the intent to distribute crack cocaine. Following Mitchell's plea, the United States Probation Office conducted a pre-sentence investigation and issued a Pre-Sentence Report. The Probation Officer determined that Mitchell's range of imprisonment under the then-mandatory United States Sentencing Guidelines was 210-262 months. On September 17, 2001, the Court sentenced Mitchell to 210 months imprisonment. A Judgment imposing that term of imprisonment was signed on September 22, 2001.

On November 1, 2007, the United States Sentencing Commission's ("Sentencing Commission") Amendment 706, as further amended by Amendment 711, to U.S.S.G. § 2D1.1, Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy, took effect. Amendment 706 generally reduces by two levels the base offense levels applicable to cocaine base or crack offenses. On December 11, 2007, the Sentencing Commission voted in favor of applying the amendment

1

retroactively to crack offenses, effective March 3, 2008. The Sentencing Commission also promulgated amendments to Policy Statement § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guidelines Range, which will implement the retroactive application of Amendment 706, as amended by Amendment 711, effective March 3, 2008 ("Policy Statement").

After the Sentencing Commissions's amendments to the base offense levels for crack, the Court began, *sua sponte*, to review the defendants potentially affected by those amendments. Mitchell was identified by the United States Probation Office as a person who might be affected by the amendments.

The United States Probation Office provided the Court with revised Guidelines calculations based on the amendments to Section 2D1.1. After a two-level reduction to his base offense level, Mitchell was subject to a term of imprisonment of 168-210 months.

On April 4, 2008, the Court issued an order appointing the Office of the Federal Public Defender to represent Mitchell. The April 4, 2008 Order further provided notice of the Court's intent to reduce Mitchell's term of imprisonment from 210 to 168 months, based on the Court's review of the pre-sentence report and record. Finally, the April 4, 2008 Order required counsel to file within 60 days a notice stating (1) whether a hearing is requested or waived and (2) whether there are any objections to the re-calculation and/or to the Court's proposed term of imprisonment. Counsel were also provided a copy of the Probation Office's calculations.

The Government and Mitchell have filed sentencing memoranda under seal. Mitchell contends that he should be granted a hearing and a further reduction in sentence. Although Mitchell admits that § 3582(c)(2) is not a full re-sentencing, he cites a Ninth Circuit case for the proposition that *United States v. Booker*, 543 U.S. 220 (2005), and its progeny apply to these

proceedings and permit the Court to reduce his sentence further. *See United States v. Hicks*, 472 F.3d 1167, 1169 (9th Cir. 2007) ("This case presents the court with two related questions. First, it requires us to decide whether § 3582(c)(2) proceedings fall within the scope of *Booker*. Second, if they fall within *Booker's* ambit, it raises the question of whether policy statements by the Sentencing Commission nonetheless preclude the application of *Booker* to § 3582(c)(2). Because *Booker* abolished the mandatory application of the Sentencing Guidelines in all contexts, and because reliance on its holding is not inconsistent with any applicable policy statement, we reverse the district court and hold that *Booker* applies to § 3582(c)(2) proceedings.").

Assuming that the Court conducts a review of his sentence under *Booker*, Mitchell argues that the following non-Guideline factors should now be considered under 18 U.S.C. § 3553(a): (1) under *Kimbrough v. United States*, 128 U.S. 558 (2007), a sentence to a term of imprisonment less than the recommended range is appropriate based on a legitimate policy disagreement with the Guidelines (i.e., the crack/powder ratio is unfair and has a disproportionate impact on African Americans); (2) the still existing disparity between crack and powder cocaine Guidelines violates the Fifth Amendment; (3) Mitchell is not a threat to the community because he was a first-time felony offender.

The Government responds that *Booker* does not apply to § 3582(c)(2) proceedings. While the Court is instructed to consider § 3553(a) factors when reducing a sentence of imprisonment under § 3582(c)(2), the Court's review of those factors must be undertaken "consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Government contends that a further reduction is inconsistent with the

3

Sentencing Commission's policy statements.

### A. Analysis

Section 3582(c)(2) provides:

> The court may not modify a term of imprisonment once it has been imposed except that-
>
> ...
>
> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The decision regarding whether to reduce a sentence under 18 U.S.C. § 3582(c)(2) rests "in the sound discretion of the district judge." *United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir. 1995)(citing *United States v. Shaw*, 30 F.3d 26, 28 (5th Cir.1994)). However, the statute requires the Court to consider whether its proposed reduction is consistent with the Sentencing Commission's policy statements. In this case, the policy statement is contained in U.S.S.G. § 1B1.10 (effective March 3, 2008), which provides:

> (b) <u>Determination of Reduction in Term of Imprisonment</u>--
>
> > (1) <u>In General</u>.-In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

4

(2) Limitations and Prohibition on Extent of Reduction--

    (A) In General.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is **less than the minimum of the amended guideline range** determined under subdivision (1) of this subsection.

    (B) Exception.--If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

U.S.S.G. § 1B1.10(b)(1)-(2) (emphasis added) (Supp. to the 2007 Guidelines Manual).

First, the Court finds that it has no authority under § 3582(c)(2) to reduce Mitchell's sentence below the minimum range of imprisonment provided by the revised calculations. The Court's jurisdiction under § 3582(c)(2) is specifically limited to reductions "consistent with applicable policy statements issued by the Sentencing Commission," and, in this case, the policy statement contained in § 1B1.10(2)(A) is clear that the Court should not deviate below the Guideline minimum. While there are certain exceptions to this limitation, none are applicable in this case.

Second, the Court finds, contrary to the Ninth Circuit, that *Booker* and its progeny do not

5

apply to § 3582(c)(2) proceedings.[1] Although not yet addressed by the Fifth Circuit, Mitchell's argument has been addressed and rejected by several other federal courts. The Court agrees with and adopts the analysis and conclusion of the district court in *United States v. Cruz*, No. 02-CR-0725 (CPS), F.Supp.2d ----, 2008 WL 539216 (E.D. N.Y. Feb. 27, 2008), that Sixth Amendment concerns are not raised by Mitchell's sentence:

> A defendant in a § 3582(c)(2) proceeding has a presumptive, lawful sentence. . . .Under § 3582(c)(2), there is no possibility of an increase in defendant's sentence above her current one. Any fact finding done by the judge, in conjunction with the § 3553(a) factors or otherwise, leads to a conclusion that the sentence either should or should not be reduced, *see United States v. Vautier*, 144 F.3d 756, 760 (11th Cir.1998) (sentencing court's power to reduce a sentence under § 3582(c)(2) is discretionary) and *Rivera v. United States*, 2003 WL 76988, at *3 (S.D.N.Y. Jan. 9, 2003) (Section 3582(c)(2) permits, but does not require, a district court to modify a defendant's sentence), but does not allow for an increase in the sentence. Accordingly, there is no judge found fact that increases defendant's sentence beyond the statutory maximum.

*Id.* at *5.

Third, the Court also finds that Mitchell has failed to make out an Equal Protection claim. Mitchell argues that the Court's proposed reduction in sentence still violates the Equal Protection Clause of the Fifth Amendment because there is a continued disparity between the Sentencing Guidelines for powder and crack cocaine offenses and this disparity has a disproportionate effect on African-Americans. "[E]ven if a neutral law has a disproportionately adverse effect upon a racial minority, it is unconstitutional under the Equal Protection Clause only if that impact can be traced to a discriminatory purpose." *Personnel Adm'r v. Feeney*, 442 U.S. 256, 272 (1979); *see also United States v. Galloway*, 951 F.2d 64, 65 (5th Cir. 1992) (citing same). "Discriminatory

---

[1] As the Government points out, the *Hicks* Court did not have the benefit of the revised text of and commentary to U.S.S.G. § 1B1.10, which plainly limits the court's authority.

6

purpose in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group." 951 F.2d at 65 (citing *Feeney*, 442 U.S. at 279). The history of Congress's directives to the Commission to conduct studies regarding powder versus crack cocaine offenses and its implicit agreement with the Sentencing Commission's recent amendments[2] reflect an intent to protect the public welfare from trafficking in crack while addressing any unsubstantiated disproportionate impact on crack offenders. There is no evidence to suggest that Congress failed to enact a 1:1 ratio for powder versus crack cocaine offenses because, even in part, of the impact on African-Americans.

Finally, while it may be that Mitchell is no longer a danger to his community (the Court certainly hopes that is the case), but, even if the Court were to consider § 3553(a) factors, the need for a just sentence and appropriate punishment is met in this case by the imposition of a sentence of 168 months.

## B. Request for Hearing

Mitchell has also requested a hearing in this matter. As the Fifth Circuit has recognized, § 3582(c) motions can generally be decided without a hearing because the proceedings are limited in scope and "not a second opportunity to present mitigating factors to the sentencing judge," but "simply a vehicle through which appropriately sentenced prisoners can urge the court to exercise leniency to give certain defendants the benefits of an amendment to the Guidelines." *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); *see also* U.S.S.G. § 1B1.10(a)(3)

---

[2]A discussion of the history of recent amendments is contained in *Kimbrough*. 128 S. Ct. at 569, 572.

("[P]roceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant."). Federal Rule of Criminal Procedure 43(b)(4), also provides that a defendant need not be present for a "proceeding [that] involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)."

The Court has been provided with sufficient information in the record and by the parties to reach a determination on Mitchell's reduction without the necessity of a hearing.

### C. Conclusion

For the foregoing reasons, the Court determines that Mitchell has received an appropriate reduction in this matter. The Court will not conduct a hearing, nor reduce Mitchell's sentence of imprisonment lower than the bottom of the Guidelines range. The Court's Amended Judgment will issue separately.

MONROE, LOUISIANA, this __24__ day of __July__, 2008

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE